UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE COUNTY,
on behalf of Itself and All Others Similarly Situated,

    Plaintiff,

    v.                                      Case No. 12-C-0732

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a federally chartered corporation,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, a federally chartered corporation,

    Defendants,

    and

FEDERAL HOUSING FINANCE AGENCY,

    Intervenor Defendant.

---

ORDER GRANTING THE FEDERAL HOUSING FINANCE AGENCY'S RENEWED MOTION TO INTERVENE (DOC. 28), GRANTING DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT (DOC. 10), AND DISMISSING CASE

Plaintiff, Milwaukee County, has filed a class action complaint on its behalf and on behalf of all "Wisconsin counties that have recorded a deed or other conveyance from defendants ... where those defendants have claimed they are exempt from the Transfer Tax required by Wis. Stat. § 77.22." (Compl. ¶ 10.) Plaintiff alleges that Wis. Stat. § 77.22 required the defendants, Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), as grantors, to pay a transfer tax on every conveyance. Moreover, the Federal Housing Finance Agency ("FHFA"), as Conservator of Fannie Mae and Freddie Mac, seeks to intervene as a matter of right under Rule 24(a). In addition, all defendants ask this court to dismiss the complaint on the ground that they are exempt under their charters from all taxation imposed by any "State,

county, municipality, or local taxing authority." 12 U.S.C. §§ 1452(e), 1723a(c)(2), 4617(j)(2).

With respect to the motion to intervene, the FHFA has filed its motion in compliance with Rule 24(c) along with a motion to dismiss, a conditional answer, and an alternative motion for judgment on the pleadings. The court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(1) and (2).

The FHFA asserts that it has a statutory right to intervene in its capacity as Conservator inasmuch as it has succeeded to "all rights, titles, powers and privileges" of Fannie Mae and Freddie Mac and their respective stockholders. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Indeed, as Conservator, the FHFA is empowered to "take such action as may be (i) necessary to put [Fannie Mae and Freddie Mac] in a sound and solvent condition, and (ii) appropriate to . . . preserve and conserve" their assets and property. 12 U.S.C. § 4617(b)(2)(D)(i) and (ii). Further, the FHFA has the authority to "take over the assets of and operate" Fannie Mae and Freddie Mac and to conduct all of their business. 12 U.S.C. § 4617(b)(2)(B)(i).

Based upon the FHFA's expansive authority as a Conservator, the court finds that it has a right to intervene pursuant to Fed. R. Civ. P. 24(a). In addition, the FHFA may intervene under Rule 24(b), which allows intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." In its timely

2

motion, the FHFA has asserted that 12 U.S.C. § 4617(j)(2) exempts Fannie Mae and Freddie Mac in Conservatorship from the imposition of recordation fees and taxes, and that § 4617(j)(4) precludes any award of penalties. As Conservator, FHFA has a clear interest in preserving Fannie Mae and Freddie Mac's assets and allowing the FHFA to intervene will not result in any delay or prejudice to the original parties. *See* Fed. R. Civ. P. 24(b)(3). Hence, FHFA's appearance in this action is appropriate.

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the court takes as true all facts asserted in the complaint and draws all reasonable inferences in favor of the plaintiff. *Dixon v. Page*, 291 F.3d 485, 486–87 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's bases but also must establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendants maintain they are statutorily exempt from payment of the transfer tax. They assert that when Congress created defendants, it exempted them from "all" state and local taxes except for taxes on real property. Fannie Mae's charter provides:

> The corporation, including its franchise, capital, reserves, surplus, mortgages or other security holdings, and income, shall be exempt from all taxation now or hereafter imposed by any State, . . . county, municipality, or local taxing authority, except that any real property of the corporation shall be subject to State, . . . county, municipal, or local taxing authority, except that any real property of the corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent was other real property is taxed.

12 U.S.C. §1723a(c)(2). Similarly, Freddie Mac's charter provides:

3

> The Corporation, including its franchise, activities, capital, reserve, surplus, and income, shall be exempt from all taxation now or hereafter imposed by any . . . State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to the State, . . . county, municipal, or local taxation to the same extent according to its value as other real property is taxed.

12 U.S.C. § 1452(e). And when Congress enacted the Housing and Economy Recovery Act, it granted the FHFA a virtually identical exemption:

> The Agency, including its franchise, its capital, reserves, and surplus, and its income, shall be exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any property of the Agency shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed ....

12 U.S.C. § 4617(j)(2).

At issue in this case is the Wisconsin Transfer Tax, which imposes a tax "on the grantor of real estate a real estate transfer fee at the rate of 30 cents for each $100 of value or fraction thereof on every conveyance not exempted or excluded under this subchapter." Wis. Stat. § 77.22. The tax is collected by county registers at the time the conveyance is recorded, and eighty percent is transmitted to the Wisconsin Department of Revenue. The remainder is retained by the county treasurer. Wis. Stats. §§ 77.23-24. The parties agree that the transfer tax is not a direct tax, but rather an excise tax based on the value of the conveyance.

The exemption claimed by defendants is plainly stated in the defendants' charters, which exempts Fannie Mae, Freddie Mac, and the FHFA from "all [state and local] taxation." The single carve-out exception applies to "real property" subject to tax and not the excise tax that the parties agree is at issue here. However, plaintiff argues that the language "all taxation" does not mean "all," and that the United States Supreme Court has

4

rejected this "simplistic" argument. (Doc. 18 at 4.) Citing *United States v. Wells Fargo*, plaintiff relies on the following language to distinguish direct taxes from excise taxes: "[w]ell before the Housing Act was passed, an exemption from "all taxation" had an understood meaning: the property was exempt from direct taxation, but certain privileges of ownership, such as the right to transfer ownership, could be taxed." 485 U.S. 351, 355 (1988).

Plaintiff's reliance on *Wells Fargo* is misplaced. The Supreme Court in *Wells Fargo* was reviewing statutory language under § 5(d) of the Housing Act of 1937, which provided that public housing agency obligations [notes] were exempt from all taxation imposed by the United States. *Id.,* 485 U.S. at 352. Historically, exemptions of property from taxation did not extend to excise taxes in the context of estate tax law. *Id.,* 485 U.S. at 355 (citing *Greiner v. Lewellyn*, 258 U.S. 384 (1922), *Murdock v. Ward*, 178 U.S. 139 (1900), and *Plummer v. Coler*, 178 U.S. 115 (1900)). Moreover, the relevant language in the statute had an understood meaning that the property (the Notes) was exempt from direct taxation but not from federal estate tax. *Id.,* 485 U.S. at 1181.

In contrast, this court is asked to interpret a statute that exempts a specific entity from taxation – not property. Hence, the court turns to *Fed. Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95 (1941), where a bank created pursuant to the Federal Farm Loan Act of 1916, acquired property and refused to pay sales tax on the materials used for repairs because the Loan Act exempted every Federal land bank from "federal, State, Municipal, and local taxation, except taxes upon real estate held . . .." *Id.,* 314 U.S. at 97 n. 1. In ruling that the statute exempted the bank from paying the sales tax, the Supreme Court stated "Congress has the power to protect the instrumentalities which it has

5

constitutionally created." *Id.* at 102-03. This conclusion flowed from the "express grant of power to Congress 'to make all laws which shall be necessary and proper for carrying into execution all powers vested by the Constitution in the Government of the United States. Const. Art. 1, sec. 8 cl. 18, U.S.C.A.'" *Id.,* 314 U.S. at 103 (quoting *Pittman v. Home Owners' Loan Corp.*, 308 U.S. 21, 33 (1939)). The Supreme Court's omission of *Bismarck* in the *Wells Fargo* decision implies that it had no intention of altering its analysis regarding the statutory exemption of entities as opposed to property.

More recently, the Sixth Circuit Court of Appeals held that the federal statutory exemptions from "all taxation" for Fannie Mae and Freddie Mac applied to state transfer taxes on real estate transactions. *Cnty. of Oakland v. Fed. Hous. Fin. Agency*, 2013 WL 2149964 (6th Cir. May 20, 2013).[1] Further, it appears that the overwhelming weight of authority on this precise issue has held that the plain meaning of the statutes exempts defendants from paying transfer taxes identical in nature to those sought here. *See e.g.*, *McNulty v. Fed. Hous. Fin. Agency*, 2013 WL 3147641 (M.D. Pa. June 19, 2013); *Doggett v. Fed. Hous. Fin. Agency*, 2013 WL 2920388 (M.D. Fla. June 13, 2013); *Athens–Clarke County Unified Gov't v. Fed. Hous. Fin. Agency*, 2013 WL 2102922 (M.D. Ga. May 14, 2013); *Montgomery County Comm'n v. Fed. Hous. Fin. Agency*, 2013 WL 1896256 (M.D. Ala. May 6, 2013); *Vandais v. Fed. Nat'l. Mortg.*, 2013 WL 1249224 (D. Minn. Mar. 27, 2013); *Hennepin Cnty. v. Fed. Nat. Mortg. Ass'n*, 2013 WL 1235589 (D. Minn. Mar. 27,

---

[1]Plaintiff relies on the district court's decision in *Oakland County*, which granted the plaintiff's motion for summary judgment where the county sought to recover unpaid transfer taxes from Fannie Mae and Freddie Mac due on real estate transactions that the defendants recorded with the county register of deeds. *Cnty. of Oakland v. Fed. Hous. Fin. Agency*, 2012 WL 1658789 (E.D. Mich. 2012), *vacated*, 2013 WL 2149964 at *7. While defendants' motion to dismiss was pending before this court, the Sixth Circuit Court of Appeals vacated and remanded the district court's decision in *Oakland County* with instructions to enter summary judgment for the defendants.

6

2013); *Delaware County, PA. v. Fed. Hous. Fin. Agency*, 2013 WL 1234221 (E.D. Pa. Mar. 26, 2013); *Fannie Mae v. Hamer*, 2013 WL 591979 (N.D. Ill. Feb.13, 2013). *Nicolai v. Fed. Hous. Fin. Agency*, 2013 WL 899967 (M.D. Fla. Feb.12, 2013); *Hertel v. Bank of Am.*, 2012 WL 4127869 (W.D. Mich. Sept.18, 2012); *Hager v. Fed. Nat'l Mortg. Ass'n.,* 882 F. Supp. 2d 107 (D.D.C. Aug. 9, 2012).

Based on the plain language of the statutes, the reasoning of *Bismarck,* Congressional authority to exempt federal instrumentalities and private entities from state and local taxation, and finding no persuasive authority to the contrary, the court finds that the "all taxation" language used in 12 U.S.C. §§ 1452e, 1723a(c)(2), and § 4617(j)(2) exempts defendants from paying excise taxes on transfers of real estate under Wis. Stat. § 77.22 *et seq.* Now, therefore,

IT IS ORDERED that the Federal Housing Finance Agency's renewed motion to intervene is granted. (Doc. 28.)

IT IS FURTHER ORDERED that defendants' motion to dismiss the plaintiff's complaint is granted. (Doc. 10.)

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE